## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **CANDICE A. HOFF** <br> *on behalf of herself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> **MSAB PARK CREEK, LLC** <br> c/o Registered Agent <br> 350 Corporate Circle, Inc. <br> 30100 Chagrin Boulevard <br> Suite 350 <br> Pepper Pike, Ohio 44124 <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br> MAGISTRATE JUDGE |

### PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT
**(With Jury Demand)**

Plaintiff Candice Hoff on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, hereby files this complaint against Defendant MSAB Park Creek, LLC and alleges the following:

### PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §4111.01 *et seq* ("OMFWSA"), and the Ohio Constitution, Art. II, § 34a ("Section 34a") arising from Defendant's willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendant has willfully and intentionally committed widespread violations of the FLSA and OMFWSA by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, compensation for all overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to OMFWSA and Section 34a, that she is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages equal to the sum of unpaid overtime pursuant to the Ohio Wage Law; (3) prejudgment and post-judgment interest; and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the Ohio Wage Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff is an adult resident of the State of Ohio.

8. Plaintiff was employed by Defendant.

9. At all times relevant herein, Plaintiff was an "employee" of Defendant as defined in the FLSA and the OMFWSA.

10. Plaintiff has given written consent to join this action, a copy of which is attached to this Complaint.

## DEFENDANT

11. Defendant is a limited liability company, registered in Ohio, which owns and operates an assisted living retirement community in Cuyahoga County.

12. Upon information and belief, Defendant had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Defendant purchased and handled goods moved in interstate commerce.

13. At all times relevant herein, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

14. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation.

## STATEMENT OF FACTS

15. Plaintiff was employed by Defendants from June 2017 until July 2019.

16. Throughout her employment with Defendant, Plaintiff worked as a nursing assistant.

17. While employed by Defendant, Plaintiff and other similarly-situated employees worked in excess of forty hours per workweek on a regular and recurring basis.

18. Defendant did not pay Plaintiff or the other similarly-situated employees overtime for their work in excess of forty hours per workweek as required under the FLSA in the manner and methods provided in, and subject to, the FLSA's exemptions in 29 U.S.C. §§ 207 and 213.

19. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated employees overtime wages throughout their employment.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings Count I of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

21. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current individuals employed by MSAB Park Creek, LLC and who were paid on an hourly basis at any time between August 14, 2016 and the present.

22. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 50 persons.

23. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own interests in bringing this action.

24. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll and employee records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

25. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b)

**CLASS ACTION ALLEGATIONS**

26. Plaintiff brings her OMFWSA claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of other non-exempt persons employed by Defendant and defined as:

> All former and current individuals employed by MSAB Park Creek, LLC and who were paid on an hourly basis at any time between August 14, 2016 and the present.

27. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendant's records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said F.R.C.P 23.

28. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendant, upon information and belief, there are more than fifty (50) members of the class.

29. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime compensation. Defendant's corporation wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class

members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

30. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the

Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

32. Upon information and belief, Defendant and other employers throughout the state violate the OMFWSA and Section 34a. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

33. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiff and the Class within the meaning of the Ohio law;

b. Whether Defendant paid Plaintiff and Class members are the proper overtime wages for all hours worked;

c. Whether Plaintiff and Class members are entitled to overtime under the Ohio Law;

d. At what common rate, or rates subject to common method of calculation were and are the Defendant required to pay the Class members for their work; and

e. Whether Defendant's policy of failing to pay Plaintiffs and the Class was instituted willfully or with reckless disregard of the law.

## COUNT I
### Violation of the Fair Labor Standards Act
(by Plaintiff on behalf of herself and all other similarly situated)

34. Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

35. The FLSA requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

36. Plaintiff and the similarly situated employees she seeks to represent regularly worked in excess of 40 hours per workweek for Defendant.

37. Defendant's policy and practice of not paying Plaintiff and other similarly situated employees overtime at the proper overtime rate violates the FLSA.

38. By engaging in the above-mentioned activities, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

39. As a result of Defendant's practices and policies, Plaintiff and all those similarly situated have been damaged.

## COUNT II
### [Violation of OMFWSA—Overtime Pay
### Brought on behalf of Plaintiff and the Rule 23 Class]

40. Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

41. The FLSA requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

42. Plaintiff and the similarly situated employees she seeks to represent regularly worked in excess of 40 hours per workweek for Defendant.

43. Defendant's policy and practice of not paying Plaintiff and other similarly situated employees overtime at the proper overtime rate violates the FLSA.

44. By engaging in the above-mentioned activities, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

45. As a result of Defendant's practices and policies, Plaintiff and all those similarly situated have been damaged.

**Prayer for Relief**

WHEREFORE, Plaintiff, on behalf of herself, and the FLSA collective plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendant as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d) Certification of this case as a collective action pursuant to FLSA;

e) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

f) A declaratory judgment that the practices complained of herein are unlawful under FLSA, OMFWSA, and Section 34a;

g) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h) An award of unpaid wages and overtime premium due Plaintiff and the Collective

Action members under the FLSA, OMFWSA, and Section 34a, plus compensatory damages liquidated damages, and attorney's fees and costs.

i) An award of unpaid overtime wages due under FLSA and OMFWSA;

j) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

k) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation premium pursuant to OMFWSA and Section 34a;

l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and OMFWSA;

n) Liquidated damages under O.R.C. § 4113.15;

o) The cost and disbursements of this action;

p) An award of prejudgment and post-judgment fees;

q) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

    Respectfully submitted,

    **COHEN ROSENTHAL & KRAMER LLP**

    /s/ Joshua B. Fuchs
    Jason R. Bristol (0072989)
    jbristol@crklaw.com
    Joshua B. Fuchs (0087066)
    jfuchs@crklaw.com
    3208 Clinton Avenue
    Cleveland, Ohio 44113
    216-815-9500 [phone and fax]

    Counsel for Plaintiff

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of herleft and the Collective Action Members and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

/s/ Joshua B. Fuchs
One of the Attorneys for Plaintiff